UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

SCOTT HILL,

    Plaintiff,

    v.                        Civil Action No. 16-10978-IT

COMMONWEALTH OF
MASSACHUSETTS REGISTRAR OF
BIRTH RECORDS,

    Defendant.

## MEMORANDUM AND ORDER

June 23, 2016

**TALWANI, D.J.**

### I. Introduction

On May 20, 2016, plaintiff Scott Hill, a/k/a Samantha Hill ("Ms. Hill"),[1] a person who was born in Worcester, Massachusetts and who is currently a prisoner in custody at FMC Lexington in Lexington, Kentucky, filed a *pro se* "Motion for Change of Name and Gender Classification" [#1]. Ms. Hill alleges that she has gender dysphoria and identifies as a female. She therefore wishes to be referred to by the name "Samantha Hill" with the use of pronouns "she" and "her."

As relief, Ms. Hill requests this Court order the Commonwealth of Massachusetts Registrar of Birth to establish a new Birth Certificate changing her name from Scott Hill to Samantha Hill. She also seeks to have the gender classification listed on the birth record changed from male to female.

---

[1] For purposes of this Memorandum and Order and in accordance with plaintiff's preferences, the Court will refer to the plaintiff as Ms. Hill and will use feminine pronouns where appropriate.

1

Ms. Hill did not file a Complaint nor did she pay the filing and administrative fees for civil actions or seek a waiver thereof.

## II.   Discussion

A.   Massachusetts Laws Regarding Name Change and Correction of Records

Under Massachusetts law, a petition for a name change may be heard by the probate court in the county in which the petitioner resides. Mass. Gen. Laws ch. 210, § 12.[2] With respect to correction of records relating to birth, marriage, paternity, or death, the matter is governed by Mass. Gen. Laws ch. 46, § 13. Subsection (a) provides, in relevant part, that

> if the facts are not correctly stated in the document sought to be changed, "the town clerk or state registrar shall receive from the person required by law to furnish the information for the original record, or by credible persons having knowledge of the case, an affidavit containing the missing or corrected facts required to correct or complete the record, accompanied by documentary evidence substantiating such facts beyond a reasonable doubt . . . ."

Mass. Gen. Laws ch. 46, § 13(a). In connection with matters surrounding the change of gender on a birth certificate, however, the statute expressly provides that the birth record may be changed <u>after</u> "a person has completed medical intervention for the purpose of permanent sex reassignment." Id. at § 13(e)(1).[3]

---

[2] Similarly, Kentucky law provides that "[a]ny person at least eighteen (18) years of age may have his or her name changed by the District Court of the county in which he or she resides . . . ." KRS § 401.010.

[3] Specifically, section (e)(1)(i) and (ii) provide:

(e)(1) If a person has completed medical intervention for the purpose of permanent sex reassignment, the birth record of that person shall be amended to permanently and accurately reflect the reassigned sex if the following documents have been received by the state registrar or town clerk:

(i) an affidavit executed by the person to whom the record relates or by the parent or guardian if such person is a minor indicating the individual's sex; and

2

It is unclear from Ms. Hill's motion whether she has availed herself of the remedies provided by state statutes or whether she can avail herself of these remedies at this time. In any event, this Court need not delve into these matters because it lacks jurisdiction to grant the relief requested by Ms. Hill.

B.  <u>Lack of Jurisdiction to Compel Officials of the Commonwealth of Massachusetts to Change or Issue a New Birth Certificate</u>

Ms. Hill has not identified with any particularity the legal theory supporting her request for injunctive relief against an official of the Commonwealth of Massachusetts. Assuming that her motion is in the nature of a mandamus petition to compel the State Registrar to act in his or her official capacity and change her birth certificate both with respect to name and gender, Ms. Hill's requested relief cannot be granted because this Court lacks mandamus authority to compel a state official to act in a particular manner. <u>Arroyo v. Massachusetts</u>, 2012 WL 4888424, *3 (D. Mass. 2012).

Further, although section 1361 of Title 28 provides statutory authority to grant mandamus relief, this statute applies only to compel an officer of the United States, its agencies or employees to perform a duty owed. It does not apply to state officials. 28 U.S.C. § 1361. Similarly, section 1651 of Title 28 provides authority to the Supreme Court and all courts established by an Act of Congress to issue "all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651.

---

(ii) a physician's notarized statement that the person has completed medical intervention, appropriate for that individual, for the purpose of permanent sex reassignment and is not of the sex recorded on the record.

Mass. Gen. Laws ch. 46, § 13(e)(i) and (ii).

This provision does not serve as a ground for jurisdiction of this Court, but as authority to issue writs in cases where jurisdiction already exists.

Accordingly, in light of the above, Ms. Hill's Motion for Change of Name and Gender Classification [#1] is <u>DENIED</u> and this action is <u>DISMISSED</u> without prejudice. Should Ms. Hill seek to have this Court take action, she must file a "Complaint" in accordance with Rules 3, 8, and 10 of the Federal Rules of Civil Procure, and must pay fees of the Court or seek a waiver thereof. <u>See</u> 28 U.S.C. §§ 1914(a), 1915.

**SO ORDERED.**

          /s/ Indira Talwani
         United States District Judge